UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN VELASQUEZ<br><br>                              Plaintiffs<br><br>           -against-<br><br>CITY OF NEW YORK;<br>NYPD OFFICERS ERICK ORTIZ, shield<br>03383; UNIDENTIFIED UNDERCOVER<br>OFFICER, shield C0093; DOE 1-5, yet to be<br>identified,<br><br>                           Defendants | Index No. 12 cv 3047 (PKC)<br><br>A jury trial is demanded<br><br>COMPLAINT |

Plaintiff Juan Velasquez, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress his constitutional and legal rights, and allege as follows:

## STATEMENT OF THE ACTION

1.      Defendant police officers arrested plaintiff without reasonable basis or justification, maliciously prosecuted him, and caused his incarceration at Rikers Island for approximately 50 days.

## JURISDICTION, VENUE

2.      Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and principles of pendant jurisdiction.  Venue is proper because defendant City of New York is administratively located within the Southern District of New York.

## PARTIES

3.      Plaintiff was at all times relevant a citizen of the state of New York and a resident of New York County.

4.      Defendant police officers are employees and agents of defendant City of New York.  At all times relevant they acted in their capacity as a New York City

1

police officer, in furtherance of the City's interests, and in conformance with the usages and practices of the City of New York and the New York City Police Department.

5.    Defendant City of New York is a municipal corporation.  It is authorized by its charter to maintain a police department, for which it retains responsibility.

**FACTS**

6.    On August 20, 2010, plaintiff exited a store across the street from his home on East 102st. in Manhattan and was accosted by a young Hispanic female, later identified as defendant undercover officer.

7.    The undercover officer, dressed in very short shorts and other indicia of street prostitution, clutched his arm and begged him to sell her drugs.

8.    Plaintiff shook her off and walked on.

9.    She grabbed his arm again, pleading she was sick and needed the drugs.

10.    He shook himself free of her once more, yelling at her to stop bothering him; she was a mess; she should get into a program.

11.    He started across the street to get away from her.  She screamed expletives at him, threatened him, called out that  he didn't know who he was dealing with.

12.    Plaintiff continued across the street to his home.  When he approached the door several police officers in plain clothes pounced and arrested him.

13.    He was taken to a local precinct for approximately 18 hours, then removed to central booking.

14.    The next day he was charged with with PL 195.05, obstruction of

governmental administration in the second degree.  Bail was set at $1000, which he

could not raise.   He was removed to Rikers Island.

15.    Plaintiff does not remember how many court appearances he

attended; however each was adjourned at the People's request.

16.    In all he was incarcerated for approximately 50 days.

17.    Eventually an 18-b lawyer took his case and he was released on his

own recognizance.

18.    Prosecution continued for several more months, during which he

adamantly refused all plea offers.

19.    The case was finally dismissed on March 13, 2012

20.    As a result of his incarceration plaintiff lost his job with the Central

Park Conservancy, and his apartment.

## CAUSES OF ACTION

### I.  42 USC §1983 violation of civil rights:
### False arrest

21.    There was no reasonable cause to arrest plaintiff.  His shaking off

of the entrapping undercover officer was an appropriate and lawful reaction to the

circumstances.

### II.  42 USC § 1983 violation of civil rights:
### Malicious Prosecution

22.    Defendant NYPD officers caused plaintiff's continued incarceration

and prosecution though they knew he had committed no crime.

### III.  Liability of City of New York for
### constitutional violations

23.	The constitutional violations herein alleged are directly caused by of

New York City and New York City Police Department policies, procedures, and

practices.

Dated:	New York, New York
	April 16, 2012

/s/
George Wachtel [GW5921]
Law Office of Ronald L. Kuby
119 West 23st., Suite 900
New York, NY 10011
(212) 529-0223

VERIFICATION

Juan Velasquez, plaintiff herein, being duly sworn, deposes and says as follows: I have read the above complaint and it is true except for those parts identified as "on information and belief," and as to those I believe them to be true.

New York, New York
Dated:	4/16/2012

/s/
Juan Velasquez

Sworn to before me this   4th	day of   April	, 2012


Notarized in original